IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

STATE OF ARKANSAS                                                                    PLAINTIFF

v.                                    No. 3:17-CR-30003

ANTONIO AUSLER                                                                       DEFENDANT

## OPINION AND ORDER

This matter must be remanded to the Circuit Court of Boone County, Arkansas.

On April 17, 2017, Defendant Antonio Ausler filed a notice of removal in this Court. Ausler seeks removal of his criminal prosecution from the Circuit Court of Boone County, Arkansas[1] pursuant to 28 U.S.C. § 1443.[2] That statute allows a State court criminal defendant in some instances to remove his criminal case to a federal district court. To be removed, the prosecution must be:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; [or]
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. When such a prosecution is removed, the State court may continue its proceedings unless ordered otherwise, though it may not enter a judgment of conviction until the prosecution has been remanded. 28 U.S.C. § 1445(b)(3). Meanwhile, the federal court to which the prosecution has been removed must promptly examine the notice of removal, and "[i]f it clearly

---

[1] According to the criminal information attached to the notice of removal (Doc. 1-1), Ausler's state case number is CR 2015-209-3.

[2] Ausler asserts a number of civil claims in his notice of removal. Because a removed criminal prosecution is not the appropriate proceeding for pursuing civil remedies, the Court disregards these claims.

appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1445(b)(4).

It is clearly apparent from the notice of removal that removal should not be permitted. Ausler is charged with five state crimes: (1) possession of a schedule VI controlled substance (marijuana) with the purpose to deliver; (2) possession of drug paraphernalia; (3) driving while license suspended; (4) careless and prohibited driving; and (5) habitual offender.

None of these state criminal charges is premised on Ausler acting under color of authority derived from a law providing for equal rights, nor is any charge premised on Ausler's refusal to do an act because that act is inconsistent with a law providing for equal rights. Removal is inappropriate under 28 U.S.C. § 1443(2).

Taken as true, the facts alleged in the notice of removal and which can be inferred in Ausler's favor from the remaining attached documents do not demonstrate that Ausler has been denied or cannot enforce in the State courts of Arkansas any federal rights provided under any law providing for equal civil rights.

> It is *not* enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be 'denied or cannot enforce in the courts' of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood v. Peacock*, 384 U.S. 808, 827–28 (1966) (emphasis in original).

Assuming Ausler's federal equal civil rights have been or are being denied him in the Circuit Court of Boone County, he makes no allegation or showing that the appellate courts of Arkansas would similarly deny him his rights.

IT IS THEREFORE ORDERED that this case is REMANDED to the Circuit Court of Boone County, Arkansas.

IT IS SO ORDERED this 27th day of April, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE